IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                          CRIMINAL 06-0151 (ADC)

[6] ESPERANZA MACIAS,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(B)  PROCEEDINGS (PLEA OF GUILTY)

I.      Personal Background

On April 27, 2006, Esperanza Macias, the defendant herein, was charged in a seventy-five-count indictment. The defendant is charged in counts one, twenty-two through twenty-six and agrees to plea guilty to count one of the indictment.

Count one charges that defendant did knowingly and willfully combine, conspire, and agree with each other and with other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

a) to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in 18 U.S.C. § 1916, punishable under any law of the United States including 21 U.S.C. §§ 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the

2

property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

b) to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in 18 U.S.C. § 1961, punishable under any law of the United States including 21 U.S.C. §§ 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

c) to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substance Act), set forth in 18 U.S.C. § 1961, punishable under any law of the United States including 21 U.S.C. §§ 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under federal law and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).

Defendant filed a motion for change of plea on September 13, 2006.

CRIMINAL 06-0151 (ADC)                    3

II.     Consent to Proceed Before a Magistrate Judge

        On September 22, 2006, while assisted by Mariángela Tirado-Vales, Esq., the defendant, by consent, appeared before me in order to change her previous not guilty plea to a plea of guilty as to count one of the indictment.

        In open court the defendant was questioned as to the purpose of the hearing being held.  The defendant responded that the purpose of the hearing was to plead guilty. The defendant was advised of her right to have all proceedings, including the change of plea hearing, before a United States district judge.  Defendant was given notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that her answers would be truthful (she was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) her right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge.  The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

        A. Compliance With Requirements Rule 11(c)(1)

                Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

CRIMINAL 06-0151 (ADC)                4

In response to further questioning, defendant was explained and she understood that if convicted on count one, the penalty of the offense charged is a term of imprisonment which shall not be more than 20 years, a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, and a term of supervised release of not more than three years in addition to any term of incarceration, pursuant to 18 U.S.C. § 1956.

The defendant will pay a special assessment of one $100, per count, as required by 18 U.S.C. § 3013(a).

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon her, she later could not withdraw her guilty plea if she was unhappy with the sentence of the court. The defendant understood this.

Defendant was explained what the supervised release term means. It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to her.

B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of her rights, defendant was advised of her right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving her guilt beyond a reasonable doubt.

CRIMINAL 06-0151 (ADC)                    5

    2.   To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to her decision not to testify.

    3.   To a speedy trial before a district judge and a jury, at which she would be entitled to see and cross examine the government witnesses, present evidence on her behalf, and challenge the government's evidence.

    4.   To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

    5.   To use the subpoena power of the court to compel the attendance of witnesses.

    Upon listening to the defendant's responses, observing her demeanor and her speaking with her attorney, that to the best of counsel's belief defendant had fully understood her rights, it is determined that defendant is aware of her constitutional rights.

C. Consequences of Pleading Guilty

    Upon advising defendant of her constitutional rights, she was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having her guilty plea accepted by the court, she will be giving up the above rights and would be convicted solely on her statement that she is guilty.

    Furthermore, the defendant was admonished of the fact that by pleading guilty she would not be allowed later on to withdraw her plea because she eventually might disagree with the sentence imposed, and that when she were under supervised release, and upon violating the conditions of such release, that privilege could be

CRIMINAL 06-0151 (ADC)                 6

revoked and she could be required to serve an additional term of imprisonment. She was also explained that parole has been abolished.

D.  Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant concurred.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

CRIMINAL 06-0151 (ADC)                    7

F.  Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce her to plead guilty and that she did not feel pressured to plead guilty.  She came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV.   Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Esperanza Macias is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.  The United States will dismiss the remaining counts in the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific

CRIMINAL 06-0151 (ADC)                8

objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 27th day of September, 2006.

S/ JUSTO ARENAS
Chief United States Magistrate Judge